IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF MISSISSIPPI,<br><br>                      Plaintiff,<br><br>v.<br><br>JUSTIN WETZEL, in his official capacity as the clerk and registrar of the Circuit Court of Harrison County; TONI JO DIAZ, BECKY PAYNE, BARBARA KIMBALL, CHRISTENE BRICE, and CAROLYN HANDLER, in their official capacities as members of the Harrison County Election Commission; and MICHAEL WATSON, in his official capacity as Mississippi's Secretary of State,<br><br>                      Defendants. | Civil Action No. 1:24cv37TBM-RPM |

## COMPLAINT

Plaintiff Libertarian Party of Mississippi ("Plaintiff"), by and through counsel, file this Complaint and allege as follows:

1. Plaintiff is a registered political party in the state of Mississippi that seeks declaratory and injunctive relief to enjoin parts of Mississippi's election code.

2. The United States Congress is authorized under art. I, § 4 cl. 1 and art. II, § 1 cl. 4 of the U.S. Constitution to establish the Time for conducting federal elections.

3. Congress exercised this authority in 1845 when it enacted the first of a trio of statutes that established a uniform national election day for all federal elections.

4.      Under federal law, the first Tuesday after the first Monday in November of every even-numbered year is election day ("Election Day") for federal elections. *See* 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

5.      Congress recently reaffirmed a single national Election Day when it enacted the Electoral Count Reform Act ("ECRA"). 136 Stat. 5233, 525 (enacted as Div. P., Title I, § 102(b) of the Consolidated Appropriations Act, 2023, 117 Pub. L. No. 328, Dec. 29, 2022). *See* 3 U.S.C. § 21.

6.      Under the recent Congressional amendments, no extension of Election Day shall be allowed unless there are "force majeure events that are extraordinary and catastrophic" that justify extension. 3 U.S.C. § 21.

7.      Despite Congress' unambiguous and longstanding statement regarding a single and uniform national Election Day, Mississippi extended Election Day by allowing five additional business days after Election Day for receipt of absentee ballots. *See* Miss. Code Ann. § 23-15-637(1)(a) ("Receipt Deadline").

8.      No "force majeure events that are extraordinary and catastrophic" currently exist in Mississippi to justify extending the ballot receipt deadline for the November 5, 2024 federal election for Presidential and Vice-Presential Electors. *See* 3 U.S.C. § 21.

9.      Plaintiff alleges that Mississippi's extension of Election Day to canvass ballots received after Election Day violates federal law and its rights under the U.S. Constitution.

10.     Plaintiff seeks a judgment declaring Mississippi's extension of Election Day to be unlawful and seeks an injunction enjoining the extension.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, because the matters in controversy arise under the Constitution and laws of the United States, because they concern the deprivation, under color of State law, of rights secured to Plaintiff by the Constitution of the United States and by Acts of Congress, and because they are proper subjects for a declaratory judgment.

12. Venue is proper because one or more Defendants reside in this district and all Defendants are residents of Mississippi, and because a substantial part of the events and omissions giving rise to the claims herein occurred in this district. 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff Libertarian Party of Mississippi is a political party in Mississippi with its principal place of business at 1625 E. County Line Road, Jackson, MS 39211. The Libertarian Party of Mississippi, its members, supporters, and candidates exercise their federal rights under the First and Fourteenth Amendments to join together and associate in support of their common political beliefs. In furtherance of this, the Party, its members, and candidates organize, select, and promote the election of party standard bearers and others that promote the Party's beliefs.

14. Defendant Justin Wetzel is the Circuit Clerk and Registrar of Harrison County and is sued in his official capacity. *See* Miss. Code §23-15-647. As the Harrison County registrar, Mr. Wetzel oversees absentee voting in Harrison County. *See* Miss. Code Ann. § 23-15-621, *et seq*.

15. Defendant Toni Jo Diaz is the District 1 Election Commissioner for Harrison County and is sued in her official capacity as a member of the Election Commission. County Election Commissioners are responsible for canvassing for their county and certifying election results to the Secretary of State. Miss. Code Ann. § 23-15-603.

16. Defendant Becky Payne is the District 2 Election Commissioner for Harrison County and is sued in her official capacity as a member of the Election Commission.

17. Defendant Barbara Kimball is the District 3 Election Commissioner for Harrison County and is sued in her official capacity as a member of the Election Commission.

18. Defendant Christine Brice is the District 4 Election Commissioner for Harrison County and is sued in her official capacity as a member of the Election Commission.

19. Defendant Carolyn Handler is the District 5 Election Commissioner for Harrison County and is sued in her official capacity as a member of the Election Commission.

20. Defendant Michael Watson is the Secretary of State of Mississippi and the State's chief election officer. Miss. Code §23-15-211.1. He is responsible for receiving certified election results from each county, including from Defendants who are members of the Harrison County Election Commission. Miss. Code Ann.§ 23-15-603. After which, he is responsible for tabulating results statewide or by district, whatever the case may be, which represent the final results of federal elections. *Id*. He is sued in his official capacity.

**FACTS**

21. 2 U.S.C. §7 provides that "[t]he Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter." *See also* 2 U.S.C. § 1 (discussing senatorial elections).

22. 3 U.S.C. §1 provides that "[t]he electors of President and Vice President shall be appointed, in each State, on the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President."

23. By its terms 2 U.S.C. §§1, 7 and 3 U.S.C. § 1 require that the 2024 federal general election be held on Election Day, November 5, 2024.

24. The Mississippi Legislature amended the State's absentee ballot receipt deadline in in 2020. *See* 2020 Miss. H.B. 1521, 2020 Miss. Gen. Laws 472, 2020 Miss. ALS 472

25. As amended, Miss. Code Ann. § 23-15-637(1)(a) provides that "[a]bsentee ballots and applications received by mail, except for fax or electronically transmitted ballots as otherwise provided by Section 23-15-699 for UOCAVA ballots, must be postmarked on or before the date of the election and received by the registrar no more than five (5) business days after the election[.]"

26. Under Mississippi's new ballot Receipt Deadline, absentee ballots shall be counted if received on or before November 12, 2024, five days after the federally prescribed general election deadline of Tuesday, November 5, 2024, in violation of the Election Day mandate in 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

27. Upon receipt, each county "registrar shall deposit all absentee ballots which have been timely cast and received by mail in a secured and sealed box in a designated location in the registrar's office upon receipt." Miss. Code Ann. § 23-15-637(2). "All absentee ballots received after 7:00 p.m. the day before the election but not later than the fifth business day after the election shall be processed by the resolution board." Miss. Code Ann. § 23-15-639(1)(b).

28. Within 10 days, county election commissioners canvass the election for their respective county, certifying election results to the Secretary of State the results of which include votes from late-arriving absentee ballots, which Plaintiff alleges are invalid. *See generally* Miss. Code Ann. § 23-15-603. The Secretary of State then certifies the statewide and district vote totals based on the certified county results. *See generally* Miss. Code Ann. § 23-15-605.

29. On October 30, 2022, the Mississippi Secretary of State's Office issued a press release related to the November 2022 federal election. *See* 2022 General Election Absentee Report (October 30, 2022), https://bit.ly/48O0VuM. This press release included county reports showing that Mississippi counties received a total of 29,919 absentee ballot requests, resulting in the transmission of 29,044 absentee ballots to voters of which 22,221 absentee ballots were received by counties by the date of the report. The difference between ballots transmitted and received by counties according to these reports was 6,823. Upon information and belief, a portion of the 6,823 difference were absentee ballots received by counties after Election Day.

30. In that same press release, the Mississippi Secretary of State's Office reported that that at that same point during the 2020 federal election Mississippi counties received a total of 169,087 absentee ballot requests, resulting in the transmission of 165,846 absentee ballots of which 142,591 absentee ballots were received by the counties as of that date. *Id.* The difference between ballots transmitted and received by counties in 2020 totaled 23,255.

31. Upon information and belief, a portion of the 23,255 difference between transmitted and returned absentee ballots were received by counties after Election Day. Mississippi's certified election result for Presidential and Vice-Presidential electors in 2020 totaled 1,313,759 votes. *See* Mississippi's Certified Results for the 2020 Federal General Election, https://bit.ly/47MQfv7.

32. Based on the reported numbers, upon information and belief, as many as 1.7% of votes cast in 2020 were received after Election Day.

33. Mississippi is not allowed to hold open voting for federal elections beyond the single Election Day established by 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

34. The next federal election in Mississippi will be held on Tuesday, November 5, 2024, at which time Mississippi will elect a new Congressional delegation, a Senator, and appoint Presidential and Vice-Presidential Electors.

35. Counting ballots received after Election Day injures Plaintiff.

36. Among other harms, Plaintiff's members who cast timely and valid votes for Plaintiff's nominees by Election Day will have their votes diluted by illegal and invalid ballots received in violation of the federal Election Day statutes.

37. Plaintiff's members, supporters, and presidential elector and congressional nominees for federal office in Mississippi cast timely and valid votes for federal office in accordance with federal law in the 2020 general election in Mississippi.

38. Plaintiff's members and supporters intend to vote in accordance with federal law in the upcoming November 5, 2024 general election and all future federal elections in Mississippi.

39. Plaintiff's presidential elector and congressional nominees for federal office in Mississippi intend to conduct their prospective campaigns in accordance with federal law in the upcoming November 5, 2024 general election and all future federal elections in Mississippi.

40. Plaintiff and its members, supporters, and nominees for federal office are entitled to have election results certified with only legal, qualified votes received in compliance with the Time regulations set by Congress in the federal Election Day statutes.

41. Absentee ballots received after Election Day are illegal and invalid.

42. The state law or practice that holds voting open for five business after Election Day is invalid and void as superseded under 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

43. Plaintiff's nominees for federal office rely on provisions of federal and state law in conducting their campaigns and, in particular, in allocating resources to the post-election certification process.

44. Counting untimely, illegal, and invalid votes, such as those received in violation of federal law, substantially increases the pool of total votes cast and dilutes the weight of votes cast by Plaintiff's members and others in support of Plaintiff's federal nominees.

45. Under Miss. Code Ann. § 23-15-637(1)(a), more votes will be counted than federal law allows to be counted, resulting in dilution.

46. Under the Election Day statutes, a qualified ballot for federal office is not a legally cast vote unless and until it is received by election official on or before Election Day.

47. By extending the ballot receipt deadline, Mississippi increases expenses and other resources needed for Plaintiff to monitor post-election canvassing. The increased expenses and other resources are especially burdensome for minor political parties, such as Plaintiff, which have minimal resources compared to the major political parties to monitor canvassing in all 82 Mississippi counties. Stated differently, Miss. Code Ann. § 23-15-637(1)(a) functions as a regressive tax on Plaintiff, its members, and its nominees.

48. All political parties, including plaintiff, and all candidates, including those affiliated with plaintiff, have an interest in being able to monitor post-election canvassing and, where necessary, to challenge or otherwise respond to situations arising during that canvassing.

49. Plaintiff already struggles to provide funds and resources to observe post-election canvassing. The receipt of absentee ballots after Election Day inhibits Plaintiff's ability to monitor counties' receipt of those ballots, as it must sparingly use limited resources during the post-election certification process. Indeed, Plaintiff already wishes it could monitor in more counties than it does

currently. After the passage of Miss. Code Ann. § 23-15-637(1)(a), it has been even more expensive and difficult for Plaintiff to monitor canvassing.

50. A recent controversy involving one of Plaintiff's nominees in the 2023 general election for State House District 114 illustrates the need for Plaintiff to commit resources to post-election canvassing in all elections. In that instance, Plaintiff was unable to conduct the necessary investigation desired by its members and candidates because of its already limited resources. The resources needed for that post-election commitment and others in the future are now materially greater because of Miss. Code Ann. § 23-15-637(1)(a).

51. As a member of a class of minor political parties in Mississippi, Plaintiff is particularly injured by the need to spend additional resources as a result of Miss. Code Ann. § 23-15-637(1)(a), and is put in a worse position by that statute compared to the major political parties.

52. Plaintiff has an interest in ensuring that the final vote tally accurately reflects the legally valid votes cast.

53. Plaintiff and its nominees suffer a concrete and particularized injury from vote tallies that are inaccurate because of late-arriving and invalid ballots.

54. On information and belief, Plaintiff receives a relatively lower proportion of total ballots cast for its candidates from absentee ballots as opposed to in-person voting.

55. Plaintiff is injured when an electoral performance is seen as less impressive. An unimpressive result leads to the public perception that Mississippi voters are turning away from the Plaintiff's platform. Negative and positive perceptions about Plaintiff's platform and nominees influence donors, supporters, future candidates, and the ability to generate interest in associating with Plaintiff's political platform.

56. Plaintiff will be subject to harms beyond even these above-stated harms.

## COUNT I
### Violation of the Right to Vote (42 U.S.C. § 1983)

57. Plaintiff incorporates all prior allegations.

58. Miss. Code Ann. § 23-15-637(1)(a) requires counties to hold open voting and count ballots that have been cast and received after Election Day in violation of 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

59. Because such ballots are not valid under 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1, any such ballots are untimely and therefore illegal under 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

60. Untimely and illegal ballots cast, received, or counted after Election Day pursuant to Miss. Code Ann. § 23-15-637(1)(a) dilute the value of timely ballots cast and received on or before Election Day.

61. Miss. Code Ann. § 23-15-637(1)(a) conflicts with 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1 and is invalid.

62. Defendants, acting under color of Mississippi law, have deprived and are depriving Plaintiff's supporters of their federal rights protected under the First Amendment, the Fourteenth Amendment, the Elections Clause, and the Electors Clause to the U.S. Constitution in violation of 42 U.S.C. § 1983.

63. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights and the rights of its members unless Defendants are enjoined from implementing and enforcing Section 23-15-637(1)(a).

## COUNT II
### Violation of the Right to Stand for Office (42 U.S.C. § 1983)

64. Plaintiff incorporates all prior allegations.

65. Section 23-15-637(1)(a) requires counties to hold open voting and count ballots received after Election Day.

66. Defendants, acting under color of Mississippi law, have deprived and are depriving Plaintiff of rights protected under the First and Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983 by, *inter alia*, forcing Plaintiff to spend money, devote time and resources, and otherwise injuriously rely on unlawful provisions of state law in organizing, funding, and running their campaigns.

67. Defendants, acting under color of Mississippi law, have deprived and are depriving Plaintiff of rights protected under the First Amendment, the Fourteenth Amendment, the Elections Clause, and the Electors Clause to the U.S. Constitution in violation of 42 U.S.C. § 1983.

68. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights and those of its members and candidates unless Defendants are enjoined from implementing and enforcing Section 23-15-637(1)(a).

## COUNT III
### Violation of the Elections and Electors Clauses (42 U.S.C. § 1983)

69. Plaintiff incorporates all prior allegations.

70. The Elections Clause of art. I, § 4, cl. 1 of the U.S. Constitution provides "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators."

71. The Electors Clause of art. II, § 1, cl. 4 provides "The Congress may determine the Time of chusing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States."

72. The power of Congress to set the Time regulations for congressional elections under the Elections Clause is "paramount" and any conflicting state law must give way. *Arizona v. Inter Tribal Council*, 570 U.S. 1, 9 (2013).

73. Likewise, Congress has plenary authority to set the Time regulations for selecting presidential electors under the Electors Clause, which must be the same time "throughout the United States."

74. Defendants have no constitutional authority to set Time regulations for choosing electors under the Electors Clause of art. II, § 4.

75. Congress exercised that authority in the Election Day statutes, by setting the Time for holding elections or Congress and the Time for choosing presidential electors as "first Tuesday after the first Monday in November." *See* 2 U.S.C. §§ 1, 7 and 3 U.S.C. § 1.

76. Defendants' alternative date for the Time of holding elections for Congress conflicts with and is superseded by the Time regulations chosen by Congress under 2 U.S.C. §§ 1, 7.

77. Defendants' alternative date for the Time of choosing electors violates the plenary authority given to Congress under art. II, § 4 of the U.S. Constitution and conflicts with the Time regulations chosen by Congress under 3 U.S.C. § 1.

78. Plaintiff's candidates have constitutional rights to run for office within the uniform Time regulations set by Congress under art. I, § 4 and art. II, § 4 of the U.S. Constitution.

79. Defendants' alternative Time regulations for choosing electors and selecting members of Congress forces Plaintiff's candidates and electors for office to spend money, devote time and resources, and otherwise injuriously rely on unlawful provisions of state law in organizing, funding, and running their campaigns.

80. Defendants, acting under color of Mississippi law, have deprived and are depriving Plaintiff, its members, and its candidates of rights protected under the Elections and Electors Clause to the U.S. Constitution in violation of 42 U.S.C. § 1983.

81. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights and those of its members and candidates unless Defendants are enjoined from implementing and enforcing Section 23-15-637(1)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a judgment granting:

a. A declaratory judgment that relevant parts of Miss. Code Ann. § 23-15-637(1)(a) violate the First and Fourteenth Amendment, the Elections Clause, and the Electors Clause, 2 U.S.C §§ 1, 7, and 3 U.S.C. § 1, and that Defendants, acting under color of State law, have deprived Plaintiff of federal rights secured by the Constitution of the United States and by Acts of Congress;

b. A permanent injunction prohibiting Defendants from implementing and enforcing the relevant parts of Mississippi law, including of Miss. Code Ann. § 23-15-637(1)(a), as identified herein;

c. Any temporary or preliminary relief requested herein during the pendency of this suit;

d. Plaintiff's reasonable costs and expenses, including attorneys' fees; and

e. All other preliminary and temporary relief that Plaintiff is entitled to, and that the Court deems just and proper.

- 14 -

February 5, 2024

    *s/ Russ Nobile*
T. Russell Nobile (MS Bar 100682)
JUDICIAL WATCH, INC.
Post Office Box 6592
Gulfport, Mississippi 39506
Phone: (202) 527-9866
rnobile@judicialwatch.org

Robert D. Popper*
Eric W. Lee*
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
porfanedes@judicialwatch.org
rpopper@judicialwatch.org
elee@judicialwatch.org

* *Application for admission pro hac vice forthcoming*